UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

       v.

DARNELL BROWN,

                        Defendant.

**DECISION AND ORDER**
13-CR-80S

## I. INTRODUCTION

Pending before the Court is a motion (Dkt. No. 93) by defendant Darnell Brown for reconsideration of his detention status. Defendant has been in continuous pretrial custody since his arraignment on April 3, 2013; his detention hearing occurred on April 18, 2013. In support of reconsideration, defendant argues that his circumstances have changed in that he has finished serving his most recent parole violation. Defendant urges the Court to give him a chance to obtain employment and to support his pregnant and homeless girlfriend. The Government opposes reconsideration, contending that defendant has an extensive criminal history dating back to age 16, strong evidence against him including numerous wiretaps, and a statutory presumption in favor of detention that he has not rebutted. The United States Probation Office ("USPO") recommends continued detention.

The Court held a bail review hearing on September 25, 2013. For the reasons below, the Court denies defendant's motion.

## II. BACKGROUND

This case concerns allegations that defendant and 11 others conspired to run a drug operation and maintained several premises to help them do so. The indictment, filed on March 27, 2013, contains nine counts and a forfeiture allegation; the first four counts implicate defendant. In Count One, the Government charged defendant with conspiring to commit multiple drug-related offenses, including possession, with intent to distribute, 280 grams or more of cocaine base and 500 grams or more of cocaine; maintaining a premises for the manufacture of cocaine base; possessing cocaine base, with intent to distribute, within 1,000 feet of the Perry Housing Projects in Buffalo, New York; and using a minor in the alleged drug operation. In Counts Two through Four, the Government charged defendant and others with maintaining three different drug-involved premises.

The Court arraigned defendant on April 3, 2013 and held a detention hearing on April 18, 2013. At the conclusion of the detention hearing, the Court held orally that defendant would remain in custody because he presented a risk of danger to the community and a risk of flight.

The Court relied on defendant's pretrial services report, dated April 3, 2013, when ordering detention. According to the pretrial services report,

2

defendant has a three-year-old child with his girlfriend,[1] who had a temporary protection order against him in September 2012. Defendant had been unemployed since 2004. As for criminal history, defendant has a violent felony and misdemeanor conviction from 2001 when he was 16, the latter occurring while he was on bail pending sentencing. Defendant pled guilty to misdemeanor marijuana possession in 2003 while he was under probation supervision; this conviction prompted a revocation of the probation that he had been serving for his first violent felony conviction from 2001. Defendant was convicted on a disorderly conduct violation in 2006 and another violent felony charge in 2008, one involving third- and fifth-degree drug possession. Two bench warrants issued during his proceedings in 2001 and 2006.

Defendant filed the pending motion for reconsideration on September 4, 2013. Through the motion papers and oral argument, defendant emphasizes that he is presumed innocent and that rehabilitation would serve no purpose if he did not have a chance to get away from his past. As for rehabilitation, defendant pleads that he feels humiliated that he cannot obtain a job and support his girlfriend while he is in custody; defendant feels particular urgency to reform his life because his girlfriend currently is homeless and six months pregnant. Defendant proposes that he be released as other defendants have been in this

---

[1] The record is not explicitly clear whether the mother of defendant's three-year-old child and the pregnant, homeless girlfriend mentioned at the hearing are the same woman, but the Court makes a reasonable inference that they are.

case and that he be released to his mother's residence on conditions that could include signature bonds and electronic monitoring.

The Government opposes defendant's release. The Government contends that defendant's situation has not changed in any material way since the detention hearing. The Government proffers that it has three months' worth of intercepted telephone conversations establishing defendant's role in the alleged conspiracy, along with video surveillance and testimony from cooperating witnesses. The Government also argues that defendant's criminal history is extensive and relatively recent, with multiple violent felonies and bail or parole violations that render impossible any attempt to rebut the statutory presumption in favor of detention.

## III.  DISCUSSION

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.' U.S. Const. amend. VIII. Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). Statutory factors to be considered when assessing flight or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and

4

characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

With respect to flight risk, "the government carries a dual burden in seeking pre-trial detention. First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight. Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *Sabhnani*, 493 F.3d at 75 (citations omitted). "To order detention, the district court must find, after a hearing, that the government has established the defendant's dangerousness by clear and convincing evidence. The rules of evidence do not apply in a detention hearing. Further, the government may proceed by proffer." *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).

Once the Court has issued a detention order in the manner set forth above, it may reconsider that order and reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). "New and material information for

5

Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *U.S. v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (citation omitted). Where evidence was available to defendant at the time of the hearing, the hearing will not be reopened. *See U.S. v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Here, defendant has not presented any information unknown to him previously that would warrant a change in his custody status. The Court previously found defendant to be a danger and a flight risk based on his criminal history, the nature of the pending charges, and the information available in the pretrial services report. Those factors have not changed. Defendant still faces felony drug charges that could lead to his third felony conviction and a mandatory minimum sentence of 10 years. Although defense counsel has made an admirable effort to put defendant's criminal history in the best possible light, that criminal history is more recent than defendant seems to want to admit. The most recent violent felony conviction occurred in 2008; the temporary protection order occurred only about a year ago; and the state parole violation that he served occurred only a few months ago in response to this case. As the Court explained at the hearing, defendant made his own record and has failed to "get away from his past" because his past keeps happening in the present.

Other factors also have not changed. The presumption of innocence is important for trial but not for bail motions. *See U.S. v. Dillard*, 214 F.3d 88, 102 (2d Cir. 2000) ("[T]he Supreme Court made clear in *Bell v. Wolfish* that the presumption of innocence plays the role of placing the burden of proof of guilt beyond reasonable doubt on the government and protecting defendants from punishment without conviction; 'it has no application to a determination of the rights of a pretrial detainee during confinement before his trial has even begun.'"), *citing Bell*, 441 U.S. 520, 533 (1979). When assessing bail motions, the Court assesses each defendant on his own record and does not make comparisons to other defendants. *Cf. U.S. v. Clark*, 68 F.3d 467 (table), 1995 WL 581606, at *2 (5th Cir. Aug. 29, 1995) (rejecting a defendant's claim "that her detention violates equal protection because her co-defendants were released" on the grounds that defendant made no showing of disparity in treatment). Defendant's argument about wanting to help his family and his child-to-be loses some force given that he made little if any mention of his other child at the hearing. *Cf. U.S. v. Miranda*, 442 F. Supp. 786, 790 (S. D. Fla. 1977) ("In terms of the support that he supposedly provides his children, the court reemphasizes that this defendant has been without visible means of income for well over a year. Had members of the defendant's family come forward to testify in his behalf at the bond hearing, this court might have been more seriously impressed with defendant's claim of substantial family ties. But absent this occurrence, this court deems defendant's

7

actions with regard to his family to be a factor which does not militate in his favor."). Of particular concern is defendant's history of bench warrants and parole violations, which suggests that he cannot be supervised. *Cf. U.S. v. Ard*, No. 10-CR-184, 2011 WL 2421222, at *3 (W.D.N.Y. June 13, 2011) (Skretny, *C.J.*) ("Defendant's criminal history includes one arrest while under probation supervision and two arrests while released on bail, demonstrating that Defendant is unable to comply with conditions of release."). Defendant committed those bail and parole violations while living in Western New York either with or near his family, which is another reason why emphasizing his family ties now has only limited value. *Cf. U.S. v. Watson*, No. 4:08CR00655, 2008 WL 5411381, at *1 (E.D. Mo. Dec. 29, 2008) ("[T]he Court notes that Defendant resided with his mother for the majority of his life, during which time Defendant committed the offenses and repeatedly violated the terms of his probation and parole, as recited in the PSR."). Defendant thus has not mollified the Court's concerns that the nature of the charges, the history of bail or parole violations, and the other information available mean that defendant continues to pose a flight risk and a danger to the community.

    In short, defendant has given the Court no new and material information that helps his effort to change his custody status. The Court is content to let its prior detention order stand.

**IV. CONCLUSION**

For all of the foregoing reasons, the Court denies defendant's motion for bail (Dkt. No. 93). Defendant shall remain in custody pending trial.

Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's order of detention, defendant shall be afforded reasonable opportunity for private consultation with counsel. Additionally, on order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this case.

In accordance with 18 U.S.C. § 3142(j), nothing in this Decision and Order shall be construed as modifying or limiting the presumption of innocence.

SO ORDERED.

                /s Hugh B. Scott
                HONORABLE HUGH B. SCOTT
                UNITED STATES MAGISTRATE JUDGE

DATED: September 27, 2013